**Reversed and Remanded and Memorandum Opinion filed June 30, 2026.**



In The

# Fifteenth Court of Appeals

_____

## NO. 15-25-00164-CV
_____

**INTERRA CREDIT UNION, Appellant**

**V.**

**ENRIQUE FIGUEROA LABOY, Appellee**

**On Appeal from the 395th District Court**
**Williamson County, Texas**
**Trial Court Cause No. 24-0473-C395**

## MEMORANDUM OPINION

Appellant Interra Credit Union ("Interra") appeals from the overruling by operation of law of Interra's motion to reinstate its breach of contract case against Appellee Enrique Figueroa Laboy. Because we conclude that the trial court abused its discretion in failing to set the reinstatement hearing, we reverse the trial court's denial and remand the cause for further proceedings.

BACKGROUND

Interra, an Indiana-based credit union, issued a secured loan to finance Laboy's purchase of an automobile from a dealership under a Retail Installment Sale Contract. After Laboy allegedly defaulted on his obligation to make monthly payments, Interra repossessed and sold the automobile, leaving a deficiency balance of $23,366.15. On March 8, 2024, Interra sued Laboy to recover the balance.

On January 31, 2025, Interra filed a motion for summary judgment. The trial court held a hearing on the motion but did not rule, instead granting Interra leave to correct deficiencies in the summary judgment evidence and refile the motion. The trial court later provided the parties with a Dismissal Docket Notice, notifying the parties that the case had been placed on the dismissal docket "[i]n accordance with Rule 165A, Texas Rules of Civil Procedure, and the Court's inherent power to dismiss for failure to diligently prosecute this suit . . . ." The trial court required the parties to appear in person at a dismissal hearing on June 18, 2025 and stated that the case would be dismissed for want of prosecution absent good cause to maintain the case on the docket. Interra's counsel did not appear at the dismissal hearing. On June 25, 2025, the trial court dismissed the case for want of prosecution.

On July 17, 2025, Interra filed an Unopposed Verified Motion to Reinstate Case, in which its counsel stated "[u]pon information and belief" that the case was dismissed due to his failure to appear. The motion included the following explanation:

> 3.      [F]or reasons that are not clear, the hearing was never placed on Plaintiff's counsel's calendar. Had the hearing been properly calendared, Plaintiff's counsel would have complied with the Court's order and appeared at the dismissal docket, either in person or through local counsel. Plaintiff's failure to appear at the Court's June 18 dismissal docket was an accident or mistake and not the result of conscious indifference.

Interra also filed a proposed order to reinstate the case, which Laboy's counsel approved as to form and substance. The record contains emails from Interra's counsel to the trial court administrator detailing attempts to set a hearing on the motion to reinstate.[1] An additional email sent on October 13, 2025 references a notation from the trial court judge stating that there was "no evidence that Plaintiff attempted to set the motion to reinstate for a hearing."

The trial court did not set a hearing for reinstatement, and the motion to reinstate was eventually deemed by statute to be overruled by operation of law. *See* Tex. R. Civ. P. 165a(3). Interra appealed.

## STANDARD OF REVIEW

We review the trial court's denial of a motion to reinstate for an abuse of discretion. *Enriquez v. Livingston*, 400 S.W.3d 610, 614 (Tex. App.—Austin 2013, pet. denied) (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam)). "A trial court abuses its discretion when it acts 'arbitrarily or unreasonably, without reference to guiding rules or principles.'" *Id.* (quoting *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011)). Further, "[w]ith respect to factual matters, an abuse of discretion occurs only when the record shows 'the trial court could reasonably have reached only one decision.'" *Cluck v. MetroCare Servs. – Austin, LP*, No. 03-22-00707-CV, 2024 WL 4774167, at *5 (Tex. App.—Austin November 14, 2024, no pet.) (mem. op.) (quoting *Dobroslavic v. Bexar Appraisal Dist.*, 397 S.W.3d 725, 728 (Tex. App.—San Antonio 2012, pet. denied)).

## ANALYSIS

A trial court's authority to dismiss for want of prosecution "stems from two

---

[1] These attempts include three emails and two phone calls taking place between July 17 and September 30, 2025.

sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villareal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss a case under Rule 165a on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Tex. R. Civ. P. 165a(1). In addition, the common law "vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villareal*, 994 S.W.2d at 630.

When a plaintiff's lawsuit is dismissed for want of prosecution, the remedy available to the plaintiff is a motion for reinstatement. *Baker v. City of Austin*, No. 03-24-00356-CV, 2024 WL 3941060, at *1 (Tex. App.—Austin August 27, 2024, no pet.) (mem. op.); Tex. R. Civ. P. 165a(3). A trial court's reinstatement of a case following dismissal for want of prosecution is governed by the timetable contained in Rule 165a. *Gilbert v. Huber, Hunt, Nichols, Inc.*, 671 S.W.2d 869, 870 (Tex. 1984) (per curiam). Whether the trial court dismisses a case pursuant to Rule 165a or its inherent power under common law, "[t]he same reinstatement procedures and timetable are applicable . . . ." Tex. R. Civ. P. 165a(4).

A motion to reinstate must be filed with the clerk of court within 30 days of the date the dismissal order is signed or within the period provided by Rule 306a. *Id.* R. 165a(3). The clerk must then "deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable." *Id.* If the motion to reinstate is not decided by signed written order within 75 days after the judgment is signed, the motion is overruled by operation of law. *Id*. The trial court has plenary power to reinstate the case until 30 days after all timely verified motions to reinstate are overruled, "either by a written and signed order or by operation of law, whichever

4

occurs first." *Id*.

In two issues on appeal, Interra argues that the trial court (1) abused its discretion by not setting a hearing for Interra's motion to reinstate and (2) erred in denying Interra's motion to reinstate by operation of law.

## I. The Trial Court Abused Its Discretion by Not Setting a Hearing for the Motion to Reinstate.

In its first issue, Interra argues that the trial court abused its discretion by not setting the reinstatement hearing because Interra filed its motion in accordance with Rule 165(a)(3)'s timetable. Interra asserts that the district clerk had a nondiscretionary duty to deliver a copy of the motion to the judge, who in turn was required to set a hearing on the motion. Interra notes its several failed attempts to contact the trial court to set the hearing.

After a motion to reinstate is timely filed with the clerk, Rule 165(a)(3) requires the clerk to "deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable." Tex. R. Civ. P. 165a(3). A trial court "has no discretion to refuse an oral hearing on a motion to reinstate." *Enriquez*, 400 S.W.3d at 618 (citing *Thordson v. City of Hous.*, 815 S.W.2d 550, 550 (Tex. 1991)). Further, under Third Court of Appeals precedent,[2] the burden to set the hearing falls on the trial court judge. *Enriquez*, 400 S.W.3d at 619 (citing cases)[3]; *Hunter v. Tex.*

---

[2] The Court received this appeal as part of a transfer order from the Supreme Court for docket equalization. This Court is therefore required to apply precedent from the Third Court of Appeals—the appellate court from which this case was transferred. Tex. R. App. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 255–56 (Tex. 2022); *Hanson v. Garza*, No. 15-25-00166-CV, 2026 WL 844641, at *2 n.3 (Tex. App.—15th Dist. March 26, 2026, no pet.) (mem. op.).

[3] *Enriquez* discusses a split among intermediate courts regarding this burden, with some courts holding that the

> burden is on the movant himself to set an oral hearing or in some way call the request for oral hearing directly to the trial court's attention and that a movant's failure to do so prevents the court's failure to hold an oral hearing on a motion to

*Dep't of Ins.*, No. 03-14-00737-CV, 2016 WL 284427, at \*2 (Tex. App.—Austin January 14, 2016, no pet.) (mem. op.) ("[Movant] was not required to set the [reinstatement] hearing or even to request one.").

Here, the record shows that Interra filed the motion to reinstate with the District Clerk on July 1, 2025, well within Rule 165(a)(3)'s 30-day window from the date of the dismissal order. Interra's October 13th email to the court references a docket entry from the trial judge stating that "there is no evidence that [Interra] attempted to set the motion to reinstate for a hearing." It appears from this email that the trial judge was aware of Interra's motion, and we can thus "presume that [the] court clerk . . . complied with the mandatory language of . . . Rule 165a(3) and delivered a copy of the motion to the trial judge." *Enriquez*, 400 S.W.3d at 618. However, the trial judge, presumably believing that the burden fell on Interra, did not set a hearing on the motion. This burden falls on the trial judge, not the movant. We therefore conclude that the trial court abused its discretion by not setting a hearing in accordance with the nondiscretionary obligations of Rule 165a(3).[4]

Laboy cites two cases to support its argument that the trial court did not abuse its discretion. Laboy first cites *Emerald Oaks Hotel/Conference Center, Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (per curiam) for its holding that an order of reinstatement "must be in writing and signed during the period of the trial

---

reinstate from being reversible error.

*Enriquez*, 400 S.W.3d at 618–20 (citing cases). However, the Third Court of Appeals has placed this burden on the trial court. *Id.* at 619 ("We believe the better-reasoned decisions place the burden on the judge to set an oral hearing on the motion to reinstate."). Because this is a docket equalization case, we follow the precedent of the Third Court of Appeals.

[4] The record also shows that Interra had made multiple attempts to set a hearing after filing the motion to reinstate, including multiple emails and phone calls to the trial court. Nothing in the record indicates any reason that these attempts failed. Regardless, Interra was not required to make any such attempts in order for the trial court to set a hearing.

court's plenary power and jurisdiction." But *Zardenetta* is not relevant to this appeal. The Texas Supreme Court primarily addressed whether an oral pronouncement and docket entry reinstating a dismissed case were a viable substitute for the written order required under Rule 165a(3). *Zardenetta*, 776 S.W.2d at 578. Further, the trial judge attempted to orally grant the motion to reinstate on the same day it was filed, *id.*, and the Supreme Court was not concerned with any question regarding the burden of setting the hearing.

Laboy further invokes *Curnutt v. Conocophillips Co.*, 508 S.W.3d 641 (Tex. App.—El Paso 2016, no pet.) for the proposition that the trial court's failure to hold a reinstatement hearing would be harmless error and not reversible on appeal if the trial court proceedings otherwise "ensure[d] the dismissed party has received due process and that the dismissal was not improper." In *Curnett*, the Eighth Court of Appeals concluded that the trial court did not commit reversible error when it failed to hold an oral hearing on the plaintiff's motion to reinstate. *Id.* at 643, 645. The court relied on a Tenth Court of Appeals holding that such a failure "does not constitute harmful error provided that the parties have had notice and an opportunity to present their arguments and evidence at an oral hearing on the motion to dismiss." *Id.* at 644 (citing *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 740–41 (Tex. App.—Waco 2005, pet. denied)). The trial court, on its own motion, had set the case for a dismissal hearing and then held the hearing, which the Eighth Court believed satisfied any due process requirements that a reinstatement hearing is intended to ensure. *Id.* at 642, 645. The court further stated that "[w]here a trial court does not hold an oral hearing on either the motion to dismiss or the motion to reinstate, then due process concerns still remain." *Id.* at 645 n.1.

The Third Court of Appeals later adopted this same analysis in *Preslar v. Garcia*, No. 03-13-0499-CV, 2014 WL 824201, at *4 (Tex. App.—Austin Feb. 26,

2014, no pet.) (mem. op.). The trial court in *Preslar* held a dismissal hearing and later dismissed the case for want of prosecution without holding a hearing on plaintiff's filed motion to reinstate. *Preslar*, 2014 WL 824201, at *1–2. Finding *Dueitt*'s analysis persuasive, the Third Court of Appeals found no reversible error because the plaintiff "had received proper notice and had a full opportunity to present her arguments and any evidence at the hearing on [the defendant's] motion to dismiss." *Id.* at *3. By contrast, in *Hunter v. Texas Department of Insurance*, the Third Court of Appeals remanded because the trial court held neither a dismissal nor reinstatement hearing. *Hunter*, 2016 WL 284427, at *3 ("In this case, however, unlike *Preslar*, there was no [dismissal] hearing or other proceeding from which relevant facts could be gleaned or reviewed."). As such, the *Hunter* court could not determine if any due process concerns were present in the absence of a dismissal hearing and, therefore, could not "evaluate the harmlessness of the failure to hold a [reinstatement] hearing under rule 165a(3)." *Id.*

Like *Hunter*, the dismissed party in this case participated in neither a dismissal nor a reinstatement hearing. We therefore cannot conclude that the trial court's failure to hold a reinstatement hearing was harmless error. We sustain Interra's first issue.[5]

## II. Remand Is Appropriate to Allow the Trial Court to Determine Whether to Reinstate the Case.

In its second issue, Interra argues that the trial court erred in allowing the motion to reinstate to be overruled by operation of law and requests this Court to reinstate the case on the trial court's docket. Interra asserts that the motion to

---

[5] Laboy also notes the *Curnett* court's additional reasoning that that the dismissed parties "did not offer any new arguments or indicate the discovery of any new evidence in their motion to reinstate." *Curnutt*, 508 S.W.3d at 645. This argument fails because Interra did not present arguments or evidence at the prior dismissal hearing.

reinstate provided a reasonable explanation for its counsel's failure to appear at the dismissal hearing, and that reinstatement would be required upon a finding that such failure was not intentional or the result of conscious indifference. Laboy responds that the trial court's dismissal was justified by Interra's failure to appear, and that Interra failed to show good cause for its failure.

Because we conclude above that the trial court erred in failing to hold the reinstatement hearing, we also conclude by extension that it erred in allowing the motion to be overruled without such hearing. *See Enriquez*, 400 S.W.3d at 620 ("In the present case, therefore, the trial court abused its discretion when it denied Enriquez's motion to reinstate without an oral hearing."). The remaining question therefore is not whether the case should be remanded, but whether the proper instruction to the trial court would be to reinstate the case. We thus address Interra's second issue with an eye towards determining the appropriate remedy.[6]

---

[6] Prior to analyzing the issue of required reinstatement and the conscious-indifference standard, Texas courts have required the party seeking reinstatement on appeal to negate all possible grounds for dismissal if the trial court issued the order without reasons. *See, e.g.*, *Carson v. Webster*, No. 11-23-00225-CV, 2024 WL 4701579, at *2, *4 (Tex. App.—Eastland November 7, 2024, no pet.) (mem. op.); *Brown v. Sanders*, No. 02-21-00212-CV, 2022 WL 2071782, at *3–4 (Tex. App.—Fort Worth June 9, 2022, no pet.) (mem. op.); *Henderson v. Blalock*, 465 S.W.3d 318, 322–23 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Shook v. Gilmore Tage Mfg. Co., Inc.*, 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied); *see also* Martin R. Merritt & Tahira K. Merritt, *Rule 165a Dismissal for Want of Prosecution,* 60 TEX. B.J. 555, 557 (1997) ("Where a case is dismissed for want of prosecution by general order, (meaning, the order does not state the specific reason) the appellate court is required to review the entire record to determine if there exists *any* valid ground upon which the dismissal properly *could have been based.*"). These possible grounds include (1) a party's failure to appear for any hearing or trial, (2) a case not being disposed of within the Texas Supreme Court's time standards, and (3) the court's inherent power when the plaintiff fails to prosecute his case with due diligence. *Brown*, 2022 WL 2071782, at *2; Tex. R. Civ. P. 165a(1)–(2). If any of these grounds go unaddressed, the trial court's dismissal must be affirmed.

Here, the trial court's order did not include reasons for the dismissal. Further, the Dismissal Docket Notice invoked both Rule 165(a) and the court's inherent power, suggesting that the case was possibly dismissed on multiple grounds. *Brown*, 2022 WL 2071782, at *3 (looking to the dismissal notice to determine possible grounds for dismissal). Interra addresses only his failure to

The Rules of Civil Procedure require a court to "reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). "A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith*, 913 S.W.2d at 468. Further, "[p]roof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* "Some excuse, but not necessarily a good excuse, is enough to show lack of conscious indifference." *Dalmex Ltd. v. Apparel Enters., Inc.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.). Upon concluding that at an attorney provided a reasonable explanation for the failure to appear at a dismissal hearing, courts of appeals have ordered cases reinstated on the trial court's docket, even in the absence of a reinstatement hearing. *See, e.g.*, *Dalmex*, 455 S.W.3d at 243–45; *Dominguez v. Socorro Indep. Sch. Dist.*, No. 08-23-00083-CV, 2023 WL 8853742, at *6 (Tex. App.—El Paso December 21, 2023, no pet.) (mem. op.); *Lindsey v. Haynes*, No. 04-21-00484-CV, 2022 WL 17971313, at *2, *6 (Tex. App.—San Antonio December 28, 2022, no pet.) (mem. op.).

The Third Court of Appeals has held that the reinstatement provision in Rule 165a(3) does not apply to dismissals based on reasons other than a failure to appear

---

appear at the dismissal hearing and makes no mention of any other potential grounds. However, as we discuss above, the trial court failed to set the required reinstatement hearing. This hearing must be set by the trial court for dismissals under both Rule 165(a) and the court's inherent power, *see Thordson*, 815 S.W.2d at 550; *Enriquez*, 400 S.W.3d at 615, 620; *Hunter*, 2016 WL 284427, at *1, *3, meaning that the trial court's failure constitutes reversible error regardless of its reasons for dismissal. Thus, Interra's failure to address all grounds does not prevent this Court from remanding the case.

at a trial or hearing. *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex. App.—Austin 1998, no pet.); *Preslar*, 2014 WL 824201, at *4 n.5 ("In her briefing, Preslar suggests that the trial court was obligated to reinstate her case upon a showing that her actions were not intentional or the result of conscious indifference. However, this Court has held that this rule applies only to dismissals based on a failure to appear at trial or other hearing and does not apply to dismissals under the court's inherent power." (citation omitted)). Therefore, to the extent that the trial court dismissed the case for a reason other than a failure to appear, it is not required to reinstate the case even if Interra's failure is justified under Rule 165a(3)'s conscious-indifference standard. *See Burton*, 959 S.W.2d at 354 ("Since we previously have concluded that Burton's case was dismissed for want of prosecution due to failure to proceed, the reinstatement provision of 165a(3) pertaining to cases dismissed for failure to appear does not apply.").

Because the reason for the court's order is not apparent, we deny Interra's request to reinstate the case. Rather, the appropriate remedy is to remand with instructions for the trial court to conduct the reinstatement hearing in accordance with Rule 165a(3) and determine whether reinstatement is warranted. *See Thordson*, 815 S.W.2d at 550 (ordering the trial court to hold a reinstatement hearing); *Parker v. Cain*, 505 S.W.3d 119, 123 (Tex. App.—Amarillo 2016, no pet.) (same).

## CONCLUSION

We reverse the trial court's denial of Interra's motion to reinstate and remand the cause to the trial court with instructions to conduct an oral hearing on the motion.

/s/ April Farris
April Farris
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.